**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| STEVEN J. SCHMIDT | ) | Case No. 10-53864 |
| | ) | |
| Debtor. | ) | Hon. Jacqueline Cox |

---

| | | |
|---|---|---|
| MICHAEL FLYNN, a creditor, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adv. No. 11-02616 |
| | ) | |
| STEVEN J. SCHMIDT, | ) | |
| | ) | |
| Defendant. | ) | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The following are Plaintiff, Michael Flynn's Proposed Findings of Fact and Conclusions of Law:

**FINDINGS OF FACT**

1.   Defendant, Steven J. Schmidt, filed his voluntary petition for relief under Chapter 7 of the Bankruptcy Code on December 6, 2010.  The Schedules, Statement of Financial Affairs were signed under penalty of perjury.

2.   Norman B. Newman was appointed and duly qualified as the Trustee of the Chapter 7 bankruptcy estate of the Defendant ('the Trustee").

3.   The Plaintiff Michael Flynn ("Flynn"), is an unsecured creditor of the Defendant.

4.   On or about May 27, 2008, Flynn Guitars, Inc., and its sole shareholder Michael Flynn, as Seller, entered into a Sale of Assets Agreement, with the Chop Shoppe Inc., and its sole shareholder, Steven J. Schmidt, Purchaser, wherein the Seller sold substantially all of its assets to the Purchaser.

5.   Flynn Guitars, Inc., operated a retail guitar shop located at 2522 Green Bay Rd., Evanston, Illinois.

6. The assets sold by the Seller to the Purchaser included, *inter alia*, the inventory, equipment and so-called student lesson contracts.

7. As part of the Sale of Assets Agreement, The Chop Shoppe, Inc., and the Defendant, individually, executed a Promissory Note in the principal amount of $250,000.00, payable in monthly installments of $5,000 commencing on June 1, 2008.

8. Subsequently, The Chop Shoppe, Inc., and the Defendant defaulted on the Promissory Note and the Plaintiff filed suit in the Circuit Court of Cook County to collect the unpaid balance of $233,000.00. This lawsuit against the Defendant was stayed upon the filing of this bankruptcy case.

9. The Defendant was examined under oath at a Section 341 meeting of creditors on January 24, 2011  At the meeting of creditors, the Debtor testified that he signed the Declaration of Electronic Filing, (docket #s 6, 19) and that he understood that he was filing his bankruptcy petition, schedules and statement of financial affairs under penalty of perjury.

10. At the meeting of creditors, the Defendant testified that his Petition, Schedules and Statement of Financial Affairs (docket #s 1, 14 and 16) were truthful and accurate and that he had no amendments or changes at the time.

11. In Schedule B, Question 13, the Defendant lists his 100% stock ownership in The Chop Shoppe, Inc., which stock ownership is subject to the claim by J. Flynn.  (Docket # 14).

12. On October 9, 2009, The Chop Shoppe, Inc., was involuntarily dissolved by the Illinois Secretary of State.

13. Schedule B, Question 2 requires the debtor to list all all checking, savings and financial accounts, etc. In response to this question, Defendant states Personal Savings with Chase Bank (approx) with a value of 0.  No other accounts are listed.

14. Schedule B, Question 2 fails to disclose the existence of account # 0350024162 at the North Shore Community Bank and Trust in the name of The Chop Shoppe, Inc., d/b/a Flynn Guitar. The Defendant used this account from May, 2008 to about October, 2010 and paid both

business as well as his personal and household expenses from this account.

15. Question 10 of the Statement of Financial Affairs asks the Defendant to "[L]ist all other property, other than property transferred in the ordinary course of business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of the case." The Defendant's response to this question was: "None."

16. On or about October, 2010, Defendant transferred all of the assets of The Chop Shoppe, Inc., a dissolved corporation, to North Shore Guitar Academy, Inc., a corporation solely owned by the Debtor's wife, Cherrie M Schmidt. At the time of the transfer, North Shore Guitar Academy, Inc., operated at the same location at the Chop Shoppe, Inc., namely 2522 Green Bay Rd., Evanston, Illinois. The Defendant received no consideration for the transfer of these assets.

17. The North Shore Guitar Academy, Inc., also opened a check account at North Shore Community Bank & Trust, Acct # 0350022097, where the income previously earned by The Chop Shoppe, Inc., has been deposited.

18. The Defendant has failed to produce any documents which evidences the transfer of the assets of The Chop Shoppe, Inc., to his wife's company.

## CONCLUSIONS OF LAW

### Jurisdiction

1. This Court has jurisdiction to hear and determine this Complaint pursuant to Title 28 § 157(b)(2)(J) of the United States Code and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois.

2. Venue of this proceeding is in the United States District Court for the Northern District of Illinois pursuant to Title 28,§ 1409(a.).

3. The Plaintiff has authority to prosecute this Complaint pursuant to Title 11 U.S.C. § 727(c)(1).

**11 U.S.C. Section 727(a)(2)**

4.     Section 727(a)(2) provides that the court shall grant a discharge unless the debtor, with intent to hinder, delay or defraud a creditor has transferred, removed destroyed, mutilated, or concealed property of the estate within one year of the date of the filing of the petition or property of the estate after the date of the filing of the petition.

5.     This section requires proof that the debtor (1) transferred, removed, or concealed property; (2) belonging to the estate; (3) within one year of filing the petition; and (4) with the intent to hinder, delay or defraud a creditor of the estate." *In re Self,* 325 B.R. 224, 237 (Bankr N.D.Ill. 2005).

6.     Accordingly, two components must be met, before a debtor's discharge will be denied.; (1) a transfer or concealment of property and (2) a subjective intent to hinder, delay or defraud creditors. *In re Self,* 325 B.R. 224 at 237. Moreover, both acts must have been committed within the year prior to filing of the bankruptcy. *In re Self*, 325 B.R. 224 at 237.

7.     "A concealment for purposes of § 727(a)(2) consists of 'failing or refusing to divulge information to which creditors were entitled.' *Holstein,* 299 B.R. at 229 (internal quotation omitted); *see also Scott,* 172 F.3d at 967 (stating that concealment includes preventing discovery or fraudulently transferring or withholding knowledge or information required by law to be made known).

8.     Under Illinois law, the shareholders of a dissolved corporation succeed to the ownership of the assets by operation of law, subject to the rights of creditors. *Shute v. Chambers*, 142 Ill.App. 948, 952, 492 N.E.2d 528, 531 (1st Dist. 1986).

9.     Defendant Schmidt concealed the existence of his ownership interest in checking account # 0350024162 at North Shore Community Bank & Trust ostensibly in the name of the Choppe Shoppe, Inc., by failing to disclose the existence of this account in his Schedule of Personal Property, Schedule B, No. 2.

10.    The Defendant concealed his transfer of the assets ostensibly owned by The Chop

Shoppe, Inc., by failing to disclose their transfer to North Shore Guitar Academy, Inc., in October, 2010, in response to Question 10 of the Statement of Financial Affairs.

11. The transfer of the assets of the Chop Shoppe, Inc., a dissolve corporation, to the North Shore Guitar Academy, Inc., in October, 2010, was done with intent to hinder, delay and defraud, the Plaintiff, a creditor in this case.

### 11 U.S.C. Section 727(a)(4)

12. Section 727(a0(4) provides that the court shall grant a debtor a discharge unless the debtor knowingly and fraudulently, in connection with the case makes a false oath or account.

13. This section requires proof that the (1) the debtor made a statement under oath; (2) the statement was false; (3) the debtor knew the statement was false; (4) the debtor made the statement with the intent to deceive; and (5) the statement related materially to the bankruptcy case. *Olbur,* 314 B.R. at 745; *Costello,* 299 B.R. at 899; *Urological Group, Ltd. v. Petersen (In re Petersen),* 296 B.R. 766, 790 (Bankr.C.D.Ill.2003); *Fosco,* 289 B.R. at 93; *Bostrom,* 286 B.R. at 359; *Bailey,* 147 B.R. at 162." *In re Self*, 325 B.R. 224 at 245.

14. A debtor's Petition, Schedules, Statement of Financial Affairs, statements made at a 341 meeting, testimony given at a Federal Rule of Bankruptcy Procedure 2004 examination, and answers to interrogatories all constitute statements under oath for purposes of § 727(a)(4). *In re Self*, 325 B.R. 224 at 245.

15. The Defendants Schedules and Statement of Financial Affairs contain omissions which constitute a false oath or account; it wit:

> (a) Schedule B, Question 2 fails to list The Chop Shoppe, Inc.,'s North Shore Community Bank & Trust checking account # 0350024162 which, by operation of law, was the property of the Defendant and an account which Schmidt used to pay business and well as his personal expenses.
>
> (d) Question 10 of the Statement of Financial Affairs omits disclosing that within two years before the filing of his bankruptcy petition, the Defendant transferred, without consideration, all of the assets of the Chop Shoppe, Inc., a dissolved corporation, to North Shore Guitar, Academy, a corporation solely owned by the Defendant's wife, Cherrie Schmidt.

## CONCLUSION

For the foregoing reasons, the Court should separately grant judgment in favor of the Plaintiff and sustain the objections to discharge under §§ 727(a)(2) and (4). The Defendant's discharge should therefore be denied.

ENTERED:

_____
Bankruptcy Judge

Date:

Prepared by:

David R. Herzog.
HERZOG & SCHWARTZ, P.C.
77 W. Washington Street
Suite 1717
Chicago, IL 60602
312-977-1600